Filed 10/3/25  P. v. Alazar CA2/6
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN ALAZAR,<br><br>    Defendant and Appellant. | 2d Crim. No. B331710<br>(Super. Ct. No. PA062836)<br>(Los Angeles County)<br><br>OPINION ON TRANSFER<br>FROM THE SUPREME<br>COURT |

In 2009, Juan Alazar pleaded no contest to attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a)) and admitted he personally and intentionally discharged a firearm (§ 12022.53, subd. (c)).  In 2022, he petitioned for resentencing pursuant to section 1172.6.  He appeals from the trial court's order summarily denying his petition.

On October 21, 2024, we issued a published opinion that reversed the summary denial of the section 1172.6 petition and remanded with directions to issue an order to show cause and

---

[1] Statutory references are to the Penal Code.

hold an evidentiary hearing to determine whether to vacate the attempted murder conviction.  Presiding Justice Arthur Gilbert dissented.  (*People v. Alazar* (2024) 105 Cal.App.5th 1100.)  Our Supreme Court granted review (S287917) and later transferred the case back to us with directions to vacate our decision and reconsider in light of *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*).  Alazar concedes that *Patton* mandates we affirm the trial court's denial of the petition.  Accordingly, we vacate our earlier opinion and affirm the trial court's order.

FACTUAL AND PROCEDURAL HISTORY

*Background*

In 2008, prosecutors charged Alazar with attempted murder (§§ 664, 187, subd. (a)), assault with a firearm (§ 245, subd. (a)(2)), and possession of a firearm by a felon (former § 12021, subd. (a)(1)).  They also alleged that the attempted murder was committed willfully, deliberately, and with premeditation (§ 664, subd. (a)); that Alazar personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)), personally and intentionally discharged a firearm (*id.*, subd. (c)), and personally used a firearm (*id.*, subd. (b)) when he committed attempted murder; and that he personally used a firearm (§ 12022.5) when committing assault with a firearm.  No codefendants were charged alongside Alazar in the complaint.

At a preliminary hearing, Sandra Padilla testified that Alazar rented a room in her residence in April 2008.  She asked him to move out two weeks later due to his drug use, smoking, and excessive noise.  Alazar did so and apologized for any problems he had caused.

Alazar returned to Padilla's house the next month and

2

asked to speak to her husband. Padilla said he was not home. Padilla's new tenant, Rutilio Navarro Hernandez, then arrived in a black pickup truck. Padilla's husband also drove a black pickup.

Alazar walked toward Hernandez's truck, pulled out a gun, and shot once at the driver's side. He then fired three more shots into the driver's side window. One of the bullets hit Hernandez's right arm. Both he and Padilla identified Alazar as the shooter. No evidence suggested there was an additional perpetrator.

The magistrate did not make explicit factual findings or credibility determinations at the conclusion of the preliminary hearing. In his holding order, the magistrate found "sufficient cause to believe" Alazar had committed the offenses and allegations charged in the complaint.

Prosecutors filed an information that included those same charges and allegations. At a pretrial proceeding, the trial court advised Alazar that he faced the possibility of serving two life terms if convicted. After consulting with counsel, Alazar pleaded no contest to attempted murder and admitted that he personally and intentionally discharged a firearm in exchange for a 29-year state prison sentence and dismissal of the remaining charges and allegations.[2] Alazar did not admit a factual basis for his plea; instead, pursuant to *People v. West* (1970) 3 Cal.3d 595, his counsel stipulated that the preliminary hearing transcript contained such a basis.

*Section 1172.6 petition*

In 2022, Alazar petitioned for resentencing pursuant to

---

[2] The abstract of judgment erroneously shows that Alazar was convicted of willful, deliberate, and premeditated attempted murder.

3

section 1172.6. He checked off boxes on the form petition alleging that the information allowed him to be prosecuted for attempted murder under the natural and probable consequences doctrine; that he was convicted of attempted murder after accepting a plea in lieu of a trial; and that he could not presently be convicted of attempted murder because of changes made to sections 188 and 189.

The trial court appointed counsel for Alazar and set the matter for a prima facie hearing. Prior to the hearing prosecutors filed an opposition arguing Alazar was ineligible for section 1172.6 relief because he was the sole perpetrator. Attached to their opposition were copies of the transcripts from Alazar's preliminary hearing and plea colloquy.

Alazar argued the trial court could not consider the preliminary hearing transcript at the prima facie stage since he did not stipulate to the truth of the facts contained therein when entering his plea. But he did not deny any of the facts the prosecutor recited from the record. Nor did he cite to any evidence to show there was a factual issue as to whether he acted alone.

Prosecutors countered that the court could rely on the transcript to find that Alazar acted alone. The court agreed:

"All of the testimony at the preliminary hearing would have been admissible at a trial.

"So [a] pre-condition for this type of petition for resentencing on an attempted murder is that it must have been based on a natural and probable consequences theory.

"In this case, there was one actor: [Alazar]. He [pleaded] to the attempted murder and [admitted the] personal use of a firearm. There was no other person involved from whom [Alazar]

4

could have had malice imputed to him, or any state of mind imputed to him."

The court therefore found "no prima facie evidence that [Alazar] is entitled to relief" and denied his resentencing petition.

DISCUSSION

"Attempted murder requires the specific intent to kill." (*People v. Lee* (2003) 31 Cal.4th 613, 623, abrogated by statute on another point as stated in *People v. Rodriguez* (2022) 75 Cal.App.5th 816, 824.) A direct perpetrator thus cannot be convicted of attempted murder on a natural and probable consequences theory. Historically, however, a defendant "could be convicted of attempted murder under the theory that [they] aided and abetted a crime where murder was a natural and probable consequence." (*People v. Estrada* (2024) 101 Cal.App.5th 328, 336.) This was because the direct perpetrator's " 'intent to kill' was imputed" to the aider and abettor if "attempted murder was a natural and probable consequence of [their] intent to participate in the target offense." (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1007–1008.)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who [was] not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To accomplish these goals, Senate Bill 1437 redefined "malice" in section 188, and narrowed the classes of persons liable for felony murder under section 189. (Stats. 2018, ch. 1015, §§ 2–3.) It also added what is

5

now section 1172.6 to the Penal Code, which permits those convicted of felony murder or murder under a natural and probable consequences theory to petition to have their convictions vacated and be resentenced on any remaining counts. (Stats. 2018, ch. 1015, § 4; see also Stats. 2022, ch. 58, § 10 [renumbering former § 1170.95 as § 1172.6 without substantive change].) Senate Bill No. 775 (2021–2022 Reg. Sess.) subsequently extended this relief to persons convicted of attempted murder. (See Stats. 2021, ch. 551, § 2.)

Pursuant to section 1172.6, a person may petition for resentencing if: (1) the information allowed prosecutors to "proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine," (2) the person was convicted of attempted murder, and (3) the person could not be convicted of attempted murder under the current versions of sections 188 and 189. (§ 1172.6, subd. (a).) If a person convicted of attempted murder files a facially valid petition, the trial court must appoint counsel, if requested, and set the matter for a prima facie hearing. (*Id.*, subds. (b)(3) & (c).) At that hearing the court may examine the record of conviction to determine if the person has made a prima facie showing that they are eligible for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–971.)

This case followed a "common scenario" for section 1172.6 petitions. (*Patton*, *supra*, 17 Cal.5th at p. 556.) Alazar completed a "preprinted form petition" in which he "declare[d] eligibility for relief by checking boxes next to statements that correspond to statutory requirements for relief." (*Ibid.*) The People relied upon evidence in the preliminary hearing transcript to contend that no prima facie showing for relief had been made. (*Ibid.*) Alazar "offer[ed] no factual counterweight and instead rel[ied] solely on

6

the same checkbox allegations." (*Ibid*.) Our Supreme Court held that "a petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing." (*Id*. at p. 557.)

"[T]he record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea." *(Patton*, *supra*, 17 Cal.5th at p. 568.) This rule applies where, as in *Patton* and here, the defendant pleaded no contest pursuant to a plea bargain to dismiss other charges. (See *id*. at pp. 557–558.) "[I]n determining at the prima facie stage whether a petitioner was convicted under a now-invalid theory, [the court may] rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations." (*Id*. at p. 564.)[3] And this applies even if, when pleading guilty or no contest, the defendant did not stipulate to the facts in the preliminary hearing transcript. (*Id*. at p. 569 & fn. 12.)

We agree that Alazar's concession in light of *Patton* compels that the denial of the section 1172.6 petition must be affirmed. The uncontradicted evidence at the preliminary hearing was that Alazar shot Hernandez. Nothing in the record of conviction suggests that any other perpetrator was involved. The trial court did not engage in prohibited factfinding at the prima facie stage because Alazar did not "point[] to specific facts that identify someone else as the direct perpetrator." (*Patton*,

---

[3] Our Supreme Court disapproved our conclusion to the contrary contained in our previous opinion in this case. (*Patton,* at p. 566, fn. 8.)

7

*supra*, 17 Cal.5th at p. 567.)

As Alazar requests, we "remand to the superior court with directions for that court to consider an amended petition should [Alazar], within 30 days of that remand, seek to file one. [Citation.] We express no opinion on the viability of any additional facts [Alazar] might allege." (*Patton, supra*, 17 Cal.5th at pp. 569–570.) And based on Alazar's request to this court, and because the petition is facially sufficient, the trial court shall appoint counsel to represent him. (§ 1172.6, subd. (b)(3).)

## DISPOSITION

Our opinion filed October 21, 2024, is vacated. The trial court's order denying Alazar's petition for resentencing pursuant to section 1172.6, entered June 14, 2023, is affirmed. We remand to the superior court with directions for that court to consider an amended petition should Alazar, within 30 days of the remand, seek to file one. The trial court shall appoint counsel to represent Alazar.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

CODY, J.

8

David W. Stuart, Judge

Superior Court County of Los Angeles

_____

Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.